**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHANE CROUCH,                    :
                                 :    Civil Action No. 06-5629 (RMB)
           Plaintiff,            :
                                 :
      v.                         :    **OPINION**
                                 :
MICHAEL ARCHER,                  :
                                 :
           Defendant.            :

**APPEARANCES**:

   SHANE CROUCH, Plaintiff pro se
   #146297
   Atlantic County Justice Facility
   5060 Atlantic Avenue
   Mays Landing, New Jersey 08330

**BUMB**, District Judge

   Plaintiff Shane Crouch ("Crouch"), a state inmate currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submits an application to proceed in forma pauperis, and it appears from the affidavit of indigency and plaintiff's prison account statement that he is qualified to proceed as an indigent in this matter.  28 U.S.C. § 1915(a).

   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons stated below, the Court finds that the Complaint should be dismissed for lack of subject matter jurisdiction.

## I.   BACKGROUND

The following factual allegations are taken from Crouch's Complaint, and are accepted as true for purposes of this review.

Crouch alleges that defendant Michael Archer shot plaintiff in the back on June 10, 2006 while plaintiff was on the sidewalk corner of Pacific Avenue and California Avenue in Atlantic City, New Jersey. An unknown person carried plaintiff, who was unconscious, to the Fox Manor Hotel where the police and an ambulance were called. Plaintiff was hospitalized for one month.

The Complaint does not contain any statements or prayers for relief by plaintiff.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

The complaint form used by Crouch states that he is bringing this action under 42 U.S.C. § 1983, seeking redress for alleged violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party

      injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   <u>ANALYSIS</u>

The Court finds that the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction.  Here, the named defendant, Michael Archer, appears to be a non-state actor.  The Complaint is completely devoid of any facts to show that Archer was a government official, employee, or agent.  (<u>See</u> e.g., Complaint at ¶ 3B).  Therefore, since the named defendant is not a state actor subject to liability under § 1983, this Complaint seeking redress under § 1983 must be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

To the extent that Crouch is asserting a claim of assault, battery or other intentional tort against this non-state actor, such claims are common law tort actions.  Crouch can bring such common law claims in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value

of $75,000, and is between citizens of different states. It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant. Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. Id.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and defendant. Plaintiff is domiciled in New Jersey, and he does not provide the domicile or residence of defendant Archer. However, plaintiff does allege that defendant "has hunted [plaintiff] on a daily basis until the day [defendant] shot [plaintiff]," (Compl., ¶ 3B), which tends to suggest that defendant also resides in the State of New Jersey. Because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim of an intentional tort that may be construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332. Further, the Court may decline to exercise supplemental jurisdiction over any such state law claim pursuant to 28 U.S.C. § 1367(c)(3), if there are no claims pending over which this Court has original jurisdiction. Therefore, the Court will dismiss the Complaint

for lack of subject matter jurisdiction.  Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction.[1]

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed in its entirety for lack of subject matter jurisdiction.  An appropriate Order follows.


                                   s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge

Dated: December 11, 2006

---

[1]  In the event plaintiff seeks to reopen this matter, he also should provide a statement of damages or other relief he seeks.  As the Complaint stands, there are no facts to show that Crouch has alleged a matter in controversy exceeding the sum or value of $75,000.00, as required to support jurisdiction under 28 U.S.C. § 1332.